# CIRCUIT COURT OF THE CITY OF SUFFOLK

Deanna Nuckles

v.

Dominic Nuckles

September 17, 2001

Case No. CH00-004

BY JUDGE D. ARTHUR KELSEY

This matter comes before the Court on the respondent's motion to hold the complainant, Deanna Nuckles, in contempt of court for committing perjury during the course of these proceedings. *See* Motion to Find Deanna Nuckles in Contempt of this Court (March 5, 2001). The Court earlier took this issue under advisement. *See* Order ¶ 2, at 2 (July 17, 2001) (Kelsey, J.).[1]

Having held evidentiary hearings on this issue on March 6 and June 4, 2001, the Court finds from clear and convincing evidence that the complainant committed perjury during her sworn testimony on January 29, 2001. The undisputed evidence, coupled with the complainant's own admission, conclusively establishes this fact. Neither the hotly contested nature of this proceeding nor the allegedly unclean hands of the respondent in any way excuse this misconduct. No matter the litigant, no matter the circumstances, no matter the reason — perjury cannot be overlooked as an unfortunate, but nonetheless tolerable, moral slag of the adversarial process. Our judicial system, in theory and in practice, "depends on a most jealous safeguarding of truth and candor, and the system can provide no harbor for clever devises to divert the search, mislead opposing counsel or the court, or cover up that

---

[1] The Court also took under advisement the respondent's motion to hold the complainant in contempt for violating the Court's Order of March 1, 2000. *See* Order ¶ 1, at 1 (July 17, 2001). The Court hereby denies this motion, thereby resolving the last of the matters taken under advisement in the Court's Order of July 17, 2001.

which is necessary for justice in the end." *Jones v. Clinton*, 36 F. Supp. 2d 1118, 1131 (E.D. Ark. 1999) (citations and internal quotation marks omitted). "Perjury strikes at the very heart of the administration of justice and holds the courts up to contempt when they allow the perjurer to go unpunished." *Slayton v. Commonwealth*, 185 Va. 371, 383, 38 S.E.2d 485, 491 (1946). "The policy of the law demands that judicial proceedings shall be fair and free from fraud, that witnesses be encouraged to tell the truth, and that they be punished when they do not." *Id.*

The goal of eradicating perjury, however, must be pursued in the proper manner. A contempt proceeding ill fits this task. Perjury alone — unaccompanied by some form of obstruction of justice — rarely justifies the employment of the Court's contempt powers absent compelling circumstances. *In re Michael*, 326 U.S. 224, 228 (1945); *Ex parte Hudgings*, 249 U.S. 378, 383 (1919); *see generally* J. A. Bock, *Perjury or False Swearing as Contempt*, 89 A.L.R.2d 1258 (1963 & Supp. 2000). In cases where perjury alone has been established, this principle requires that the offender be afforded the plenary due process protections common to all other criminal prosecutions.

For these reasons, the Court denies without prejudice the respondent's motion to issue contempt sanctions against the complainant for her false testimony before this Court. Instead, the Court refers this matter to the Suffolk Commonwealth's Attorney for the presentment of this matter (if he is so advised) to the Grand Jury for the return of an indictment for perjury in violation of Va. Code Ann. § 18.2-434 (Michie 1996). In the event the Commonwealth's Attorney exercises his prosecutorial discretion to seek an indictment, the Court orders that the criminal case not be scheduled before this Judge.

The Court directs the Clerk of Court to provide copies of this Order to counsel of record and to C. Phillips Ferguson, Commonwealth's Attorney.

It is so ordered.