## CIRCUIT COURT OF ROANOKE COUNTY

Carol H. Conner

    v.

Amanda G. Fleshman

April 9, 2008

Case No. CL05-415

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff's complaint alleges that she suffered a severe ankle injury from an automobile collision in which she was a passenger in the car driven by her husband. She claims that her vehicle was going 15 miles per hour when it was struck in the rear by Defendant's vehicle that was traveling 20 miles per hour. Strong evidence has been presented that Plaintiff was not truthful about her ankle injury and that she denied and then failed to disclose a long history of treatment for chronic ankle pain. After being confronted with medical records, she admitted to having ankle surgery one month prior to the accident, but failed to disclose a similar surgery on the same ankle approximately fifteen months earlier. Of two ankle surgeries occurring after the accident, at least one of them was to correct a post-operative infection from her pre-accident surgery.

Defendant filed a motion to dismiss the personal injury action with prejudice, alleging that Plaintiff lied under oath during depositions and in answers to interrogatories, and that she is fraudulently attempting to claim that her prior medical condition was caused by the automobile accident. The argument is that Plaintiff should not profit from her purposeful deceit and undermine the integrity of the judicial process by being allowed to try her case. Plaintiff contends that proof of her prior false testimony and fabrications under oath should only be used for impeachment purposes and that sanctions denying her the right to go forward with her personal claim should not be imposed.

The harm that could occur in this case because of the alleged fraudulent interrogatory answers and false deposition testimony of Plaintiff can be prevented by adequate cross-examination and by the impeachment of Plaintiff using the recently discovered medical records. That should enable the jury to properly view the evidence, weigh the credibility of the witnesses, and determine the actual facts of this case, despite the alleged perjury. Refusing Plaintiff her right to a trial by jury as a sanction for an alleged fraud upon the Court would be an overreaction, especially when the criminal process is uniquely qualified to resolve this type of problem. Defendant's motion to dismiss the case will be denied.

"Perjury strikes at the very heart of the administration of justice and holds the courts up to contempt when they allow the perjurer to go unpunished. The policy of the law demands that judicial proceedings shall be fair and free from fraud and that witnesses be encouraged to tell the truth and that they be punished when they do not." *Slayton v. Commonwealth*, 185 Va. 371, 383 (1946). The Commonwealth's Attorney for the County of Roanoke, to whom a copy of this letter opinion is being sent, should determine if the crime of perjury has been committed and take whatever action he deems appropriate. For cases with similar results either denying the sanction of dismissal or referring the matter for criminal prosecution, see *United States v. Shaffer Equipment Co.*, 11 F.3d 450 (4th Cir. 1993), and *Nuckles v. Nuckles*, 56 Va. Cir. 405 (2001).